IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
| of AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL ACTION |
| ERIC WARREN | : | No. 06-541 |
| | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                     NOVEMBER 2, 2011

This case is before the Court on Eric Warren's petition filed pursuant to 18 U.S.C. § 3582(c)(2), in which he seeks a reduction of his 20-year statutory mandatory minimum sentence under the Fair Sentencing Act of 2010 ("FSA") and pursuant to amendments to the Sentencing Guidelines, effective November 1, 2011. Because the FSA does not apply to defendants like Mr. Warren who were sentenced prior to the effective date of the FSA and, perhaps even more fundamentally, because reductions in Sentencing Guideline ranges have no impact on defendants who, like Mr. Warren, are subject to statutory mandatory minimum sentences, Mr. Warren's petition will be denied.

**BACKGROUND**

On August 23, 2006, Eric Warren delivered 185 grams of crack cocaine to a buyer who was cooperating with the government. After being indicted on September 27, 2006, Mr. Warren pleaded guilty on January 4, 2007 to distribution of more than 50 grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). This was not his first drug offense–on January 2, 2007, the Government filed notice under 21 U.S.C. § 851 to the effect that Mr. Warren had previously been convicted of a felony controlled substance violation. On September 15, 2009, this Court

sentenced Mr. Warren to a term of 240 months in prison, the statutory mandatory minimum sentence at the time for a defendant guilty of distributing more than 50 grams of crack with a prior felony drug conviction.

On August 1, 2011, Eric Warren petitioned for a reduction of his sentence based on the FSA and on retroactive amendments to the Sentencing Guidelines that would go into effect on November 1, 2011. Recognizing that he was filing his petition well before the effective date of the November 1, 2011 amendments, Mr. Warren asked the Court to hold his petition in abeyance until after November 1, 2011, and the Court did so. The Government responded to Mr. Warren's petition on September 13, 2011.

**DISCUSSION**

On August 3, 2010, almost a year after Mr. Warren was sentenced, the President of the United States signed the FSA into law. The FSA changed the amount of crack necessary to trigger a five-year mandatory minimum sentence (ten years with a prior felony drug conviction) from 5 grams to 28 grams and the amount necessary to trigger a ten-year mandatory minimum sentence (twenty years with a prior felony drug conviction) from 50 grams to 280 grams. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii). The FSA also directed the Sentencing Commission to revise the Sentencing Guidelines to reflect the changes to the statute. As a part of the revisions, the Sentencing Commission adopted Amendment 748, which lowered the offense level for crack cocaine offenses stated in Section 2D1.1 of the Sentencing Guidelines. As of November 1, 2011, that amendment was made permanent and applies retroactively.

Because Mr. Warren distributed less than 280 grams of crack cocaine, he seeks a sentence reduction based on the FSA. However, the Third Circuit Court of Appeals and several other

courts of appeals addressing the issue have clearly held that defendants like Mr. Warren who were sentenced before the FSA was enacted are not entitled to re-sentencing under the FSA.[1] *See, e.g., U.S. v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010) (holding that the FSA does not apply to defendants sentenced before the FSA's effective date and citing consistent decisions from several other circuit courts).

The Third Circuit Court of Appeals's recent decision in *U.S. v. Dixon*, 648 F.3d 195 (3d Cir. 2011) does not change this bright-line rule. In that case, the court held that the FSA applied to reduce the sentence of a defendant who had committed his offense before the enactment of the FSA but who was sentenced *after* its effective date. *See id.* at 203. The key distinction between the defendant in *Dixon* and Mr. Warren is that Mr. Warren, unlike Mr. Dixon, both committed the offense *and* was sentenced *before* the FSA's effective date.

Mr. Warren's reliance on the newly implemented amendments to the Sentencing Guidelines is likewise misplaced. Because he is still subject to the statutory mandatory minimum in effect at the time of his sentencing, changes to the Sentencing Guidelines have no effect on his sentence. *See U.S. v. Bullard*, No. 11-1652, 2011 WL 3235618, at *1 (3d Cir. Jul. 29, 2011) (holding that defendant was not entitled to a sentence reduction under the Guidelines because he was sentenced pursuant to a statutory mandatory minimum).

---

[1] Mr. Warren also notes that under the FSA, he can argue that he "maybe [sic] actually innocent of violating [§] 841(b)(1)(A) and its sentencing enhancements, and that he can actually only be found guilty of violating [§] 841(b)(1)(B), which only carries a mandatory minimum of ten (10) years." Def.'s Pet. at 3. Because the Court has determined that the FSA does not apply to Mr. Warren, the Court need not entertain any such argument.

CONCLUSION

Accordingly, for the foregoing reasons, Mr. Warren's § 3582(c)(2) Petition[2] is denied by way of the accompanying order.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that 18 U.S.C. § 3582(c)(2), which applies to defendants who have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and under which Mr. Warren seeks relief, does not give this Court authority to change Mr. Warren's statutory mandatory minimum sentence.

4